IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRADLEY BUROS,

                        Plaintiff,

v.

NANCY BERRYHILL,

                        Defendant.

OPINION & ORDER

17-cv-707-jdp

---

Plaintiff Bradley Buros seeks judicial review of a final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, finding her not disabled under the Social Security Act. The administrate law judge found that Buros had several severe impairments, including type one diabetes. Although the ALJ found Buros's impairments to be severe, he nonetheless concluded that Buros retained the residual functional capacity to perform a significant number of jobs in the economy and denied his application for disability insurance benefits.

On appeal, Buros contends that the ALJ made two errors that require remand: (1) failing to give proper weight to a treating physician's opinion that Buros's diabetes caused severe restrictions; and (2) relying improperly on daily activities to discount Buros's credibility. The treating physician opined that Buros's diabetes caused "frequent low blood sugar level episodes" that affected his ability to work. R. 422.[1] But a progress note that followed the opinion showed that his sugar levels were normal after receiving treatment. R. 536. Indeed, the treating physician himself later wrote that Buros's diabetes was "managed now" by treatment. R. 436. As for the credibility determination, the ALJ noted that Buros

---

[1] Record cites are to the administrative transcript, located at Dkt. 6.

could walk his dogs for two to three miles, lift 100 pounds without much difficulty, and shoot his bow and arrows. Buros does not deny that he could engage in these activities. The ALJ did not err in considering his daily activities and concluding that Buros exaggerated his symptoms. Buros has not identified a reversible error, so the court will deny Buros's motion for summary judgment and affirm the Commissioner's decision.

ANALYSIS

The court reviews the final decision of an ALJ "to determine whether it applies the correct legal standard and is supported by substantial evidence." *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Stephens v. Berryhill*, No. 16-4003, ___ F.3d ___ 2018 WL 1918711, at *2 (7th Cir. Apr. 24, 2018) (quoting *Pepper v. Colvin*, 712 F.3d 351, 361–62 (7th Cir. 2013)). The court reviews the record as a whole, but it cannot reconsider facts, weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Id*. at *2; *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

A. A treating physician's opinion

Duane Koons, one of Buros's treating sources, opined in three documents that Buros had severe impairments that precluded him from employment: a June 11, 2015 treatment note, R. 420–21; a July 29, 2015 "Work Excuse/Restriction" form, R. 422; and an April 4, 2016 treatment note, R. 436–38. On appeal, Buros contends that the ALJ erred in evaluating Koons's opinion in the July 29, 2015 Work Excuse/Restriction form. In that form, Koons opined that Buros could sit for 10 minutes at a time, stand for 15 minutes at a time,

2

occasionally lift 15 pounds, and work two hours each day and eight hours each week. R. 422. He also opined that Buros would likely need unscheduled breaks and be absent from work for two or more days a month. *Id*. According to Koons, Buros had these restrictions because of two medical conditions: "labile brittle insulin dependent [diabetes] which causes frequent low blood sugar level episodes" and chronic lumbar radiculopathy (illness of nerve roots in the lower back) that caused back and leg pain. *Id*.

The ALJ gave all three of Koons's opinions "lesser weight" for these reasons:

> Dr. Koons' opinions are not consistent with the evidence of record that shows that with better carbohydrate monitoring and with his new insulin pump, the claimant is able to manage and control his diabetes, he has essentially eliminated his hypoglycemic episodes, and can even continue driving a car. Furthermore, Dr. Koons' opinions are not consistent with either the objective medical evidence or with the findings of the consultative medical examiner. Additionally, the undersigned notes that Dr. Koons repeatedly refers to the claimant's back pain as having a radiculopathy component, but physiatry specialist Evan R. Nelson, M.D. noted on August 26, 2015, that the claimant's pain does not radiate. Finally, Dr. Koons' opinions that the claimant cannot work are given no weight because the determination of disability is reserved to the Commissioner.

R. 22–23 (citations to the record omitted). Buros contends that the ALJ erred because, among other reasons, the ALJ should have given Koons's July 29, 2015 opinion controlling weight or given greater weight under the regulatory factors enumerated in 20 C.F.R. § 404.1527(c). Buros challenges the ALJ's evaluation of Koons's July 29, 2015 opinion as to his diabetes; he does not argue that the ALJ should have developed the record as to his diabetes or that the ALJ erred in evaluating Koons's opinion as to his other impairments, namely chronic lumbar radiculopathy, neck pain, and pulmonary embolus. R. 420–21, 436–

38.² The court concludes that even though the ALJ's reasoning might not be flawless, Buros has not identified a reversible error.

A treating physician's opinion about the severity of a claimant's medical condition is entitled to controlling weight if "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); *accord Stephens v. Berryhill*, No. 16-4003, 2018 WL 1918711, at *3 (7th Cir. Apr. 24, 2018).³ An ALJ who declines to give controlling weight to a treating physician's opinion must give "good reasons." § 404.1527(c)(2); *see also Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016). Those reasons must be supported by substantial evidence in the record. *Vanprooyen v. Berryhill*, 864 F.3d 567, 573 (7th Cir. 2017).

When an ALJ does not give controlling weight to a treating physician's opinion, the ALJ must still evaluate the opinion under the regulatory factors enumerated in § 404.1527(c). Those factors include examining relationship, treatment relationship, supportability, consistency, specialization, and any other relevant information that tend to support or contradict the medical opinion. *Id.*; *see also Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013). The ALJ need not explicitly discuss every factor. *See Elder v. Astrue*, 529 F.3d 408, 415–16 (7th Cir. 2008) (affirming the denial of benefits even though the ALJ discussed only

---

² Indeed, as to his chronic lumbar radiculopathy, Buros argues in his reply brief that the Commissioner is wrong for focusing on his back pain caused by lumbar radiculopathy when Koons "clearly noted that Buros' diabetes was the more disabling condition." Dkt. 13, at 8. Buros raises no argument at all as to the rest of his impairments that Koons noted on June 11, 2015, and April 4, 2016. Accordingly, the court will not consider whether ALJ erred in evaluating those impairments. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (noting that perfunctory and undeveloped arguments are waived).

³ Section 416.927(c) applies to all claims filed before March 27, 2017. *See* § 416.927. Buros filed his application on September 6, 2013, R. 163, so § 416.927(c) applies here.

two regulatory factors). The ALJ need only "minimally articulate his reasons—a very deferential standard that [the Seventh Circuit], in fact, deemed lax." *Id.* at 415 (citation and internal quotation marks omitted).

Buros contends that the ALJ should have given controlling weight to Koons's July 29, 2015 opinion on his diabetes. Koons opined that Buros's diabetes caused "frequent low blood sugar level episodes," R. 422, but the record shows that after improved carbohydrates monitoring and use of his new insulin pump, he no longer had the "frequent low blood sugar level episodes" that Koons had noted. Koons, a physician at the Vernon Memorial Healthcare, noted that Buros received treatment for his diabetes at the Mayo Clinic Health System. R. 420, 437. A treatment note from the Mayo Clinic dated January 7, 2016, months after Koons's July 29, 2015 opinion, showed that Buros's sugar levels were normal after receiving treatment. R. 536. ("His meter download shows that he has had no severe lows. He has gone into threshold suspend a few times but when he has checked his blood sugar, his blood sugar has always been within normal limits, and it was a sensor inaccuracy."); *see also* R. 522, 524, 526–27, 538. Koons himself wrote in a treatment note on April 4, 2016, that Buros's diabetes was "managed now" after receiving treatment from the Mayo Clinic. R. 436–37.

Buros contends that Koons also wrote in the April 4, 2016 treatment note that it was "still not safe" for Buros to return to work. R. 436. But Koons's statement is conclusory, and neither Koons nor Buros identifies medical evidence showing how Buros's diabetes affects his ability to work despite Koons's statement that the condition was managed. Buros argues that "regular diagnostic techniques" supported Koons's opinion, but he identifies none. Dkt. 10, at 13.

5

Buros also contends that even though some of his diabetic symptoms were under control, his diabetes in general remained uncontrolled. *Id*. at 15. A nurse practitioner, Sarah Gossett, did find that Buros had uncontrolled type one diabetes. R. 536–39. But a diagnosis that Buros has uncontrolled diabetes does not show how uncontrolled diabetes affected his ability to work, and Buros bears the burden to explain how his diabetes is disabling. *See* § 404.1512(a)(1); *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013). Buros does not explain that his uncontrolled diabetes was so severe that it precluded him from employment. And given Koons's own treatment notes stating that Buros's diabetes was managed and the absence medical evidence how Buros's diabetes affected his ability to work, the ALJ did not err in discounting Koons's opinion as to Buros's diabetes.

The rest of Buros's arguments warrant only a brief discussion. He argues that: (1) the ALJ played doctor by speculating that carbohydrate monitoring and an insulin pump "cured [Buros's] inability to sustain work," Dkt. 10, at 15; (2) the ALJ's opinion is silent on whether the ALJ "ever evaluated Dr. Koons' opinion for controlling weight," *id*. at 17; (3) the ALJ failed to consider the regulatory factors under § 404.1527(c)(2), *id*. 18–19; and (4) the ALJ gave more weight to the opinions of the state agency consultants even though such opinions "can never overcome a treating source opinion," *id*. at 20. Buros is mistaken as to each argument.

First, the ALJ did not play doctor or speculate that Buros's diabetes was cured; the issue was whether the medical evidence in the record supported Koons's opinion, and it did not, as discussed above. Second, the ALJ acknowledged that Koons was a treating source and explained that Koons's opinion warranted only "lesser weight" given its inconsistency with the record, R. 22–23; the ALJ had no obligation to say explicitly that he was evaluating

6

whether to give controlling weight to the opinion. Third, the ALJ did not discuss the regulatory factors under § 404.1527(c)(2), but Buros does not explain how applying the regulatory factors would support a finding of disability. Fourth, an ALJ need not always give more weight to a treating source opinion; the statement that state agency physicians' opinions "can never overcome a treating source opinion" is not true because an ALJ can give more weight to an opinion of a state agency physician when medical evidence does not support a treating physician's opinion. *See Ghiselli v. Colvin*, 837 F.3d 771, 776 (7th Cir. 2016).

The ALJ did err by relying on the report of a state consultative examiner to discount Koons's opinion, but Buros's argument is that an ALJ must give more weight to a treating source opinion no matter what, *see* Dkt. 10, at 10, and the consultative examiner's report was only one of several reasons to discount Koons's opinion.

The court will not remand the case on the basis that the ALJ erred in discounting Koons's opinion that Buros's diabetes caused severe restrictions.

## B. Credibility

The ALJ discounted Buros's credibility because the objective medical evidence in the record did not support his subjective reports of his symptoms, inconsistencies in his statements, his failure to comply with treatment recommendations, and his daily activities. Buros contends that the ALJ erred in assessing Buros's credibility by equating his ability to perform daily activities with the ability to sustain employment; he does not challenge other aspects of the ALJ's credibility determination. As for daily activities, the ALJ noted that Buros could walk his dogs for two to three miles, lift 100 pounds without much difficulty, and shoot his bow and arrows. R. 20, 24; *see also* R. 415, 517. Buros does not deny that he could

engage in these activities. Reading the ALJ's opinion on the credibility determination as a whole, the ALJ considered Buros's daily activities to assess whether he had exaggerated the effects of his impairments, not to assess whether he could work.

A district court must give "considerable deference" to an ALJ's credibility determination. *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009). The court will not overturn that determination unless it is "patently wrong." *Id.* "[I]t is entirely permissible to examine all of the evidence, including a claimant's daily activities, to assess whether testimony about the effects of his impairments was credible or exaggerated." *Alvarado v. Colvin*, 836 F.3d 744, 750 (7th Cir. 2016) (citation and internal quotation marks omitted).

Here, Buros has not shown that the ALJ's credibility determination is patently wrong. Buros's position was that his impairments were so debilitating that he had severe restrictions, including that he could stand for only 15 minutes at a time and that occasionally lift only 15 pounds. R. 422. But the activities noted above supported the ALJ's conclusion that Buros's daily activities showed "a greater ability to perform basic work activities than the claimant alleges he can perform and this inconsistency lessens the weight the undersigned will give to his allegations as to the nature and extent of his symptoms." R. 24. Although the ALJ used the words "basic work activities," the most natural reading of the ALJ's opinion is that Buros exaggerated the restrictions caused by his impairments and that the inconsistencies between his daily activities and his alleged restrictions led the ALJ to discount his credibility.

Buros has not identified any reversible error, so the court will affirm the Commissioner's decision.

ORDER

IT IS ORDERED that:

1. The decision of Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff Bradley Buros's application for disability insurance benefits is AFFIRMED.

2. The May 1, 2018 oral argument is taken off the calendar.

3. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered May 1, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge